**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUBEN SANCHEZ, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-1910 (JAP) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| CHARLES O'NEILL, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Ruben Sanchez, Pro Se
76263
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876

**PISANO, District Judge**

Plaintiff, confined at the Somerset County Jail, Somerville, New Jersey brings this civil action alleging violations of his constitutional rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed.

1

**BACKGROUND**

Plaintiff is a convicted and sentenced prisoner, housed at the Somerset County Jail. In this complaint, Plaintiff seeks monetary damages from Charles M. O'Neill, the warden of the Somerset County Jail; Thomas Kelly, the Deputy Warden; Anthony Davia, a Sergeant; and Robert Delin, the Law Librarian.

Plaintiff argues that on December 31, 2011, defendant Sergeant Davia led a shake down, and Plaintiff was forced to stay in lock down. During the lock down, several inmates were allegedly throwing things into the day room, and as a result an emergency team was brought in to remove inmates. Plaintiff states that: "The C.E.R.T. team of Somerset County Jail used extreme and unnecessary violence. Those of us that were not brought to lock up remained on the unit, but in pre-hearing detention. We [] remained locked in for four days and all charged with disciplinary charges." Plaintiff states that he received five days disciplinary lock up "after no substantial evidence was found." He argues he was innocent and was unlawfully punished. He appealed the charges and was denied. (Complt., ¶ 6).

Further, Plaintiff states that on February 1, 2012, Officer Richard Reedy, notably not named as a defendant in this action, responded to a call that two inmates were fighting. Although unclear, it appears that Plaintiff was fighting with another

inmate, and Officer Reedy responded, using excessive force in the course of restraining the inmates. He states: "Once we [were] both restrained office [sic] punch[ed] me and kid [sic] me in the head for no reason." (Complt., "Claim II").

## DISCUSSION

**A.  Legal Standard**

**1.  Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

3

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 556 U.S. at 678-79).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 556 U.S. at 679. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the

plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### B.   Plaintiff's Claims

### 1.   Disciplinary Charges

It appears to this Court, from the allegations in the Complaint, that Plaintiff is challenging the disciplinary charges

5

and findings as untrue.  To the extent that Plaintiff is challenging the result of the disciplinary proceedings in alleging that the disciplinary charge is false, such claim must be dismissed.  The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.  See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 558 (1974), then the prisoner has not suffered a constitutional violation).

Further, it appears that Plaintiff is alleging that his disciplinary detention violated his due process rights because he is actually innocent of the charges.  A liberty interest protected by the Due Process Clause may arise from either the Clause itself, or State law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999).

As to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468, and Sandin v. Conner, 515 U.S. 472, 480 (1995).  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485 (upholding sentence of 30 days disciplinary segregation after hearing at which prisoner was not permitted to produce witnesses).

States may confer on prisoners liberty interests that are protected by the Due Process Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions that effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create

liberty interest); see Asquith, 186 F.3d at 411–12 (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

In Griffin v. Vaughn, the Court of Appeals held that a 15-month confinement in administrative custody did not impose "atypical and significant hardship," even in the face of a state regulation requiring release to the general population after 20 days in the absence of a misconduct charge.  See 112 F.3d 703, 709 (3d Cir. 1997).  The Griffin court noted that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, then that is a factor to be considered in determining whether the prisoner has been subjected to "atypical and significant hardship" triggering due process protection.  See id. at 708.

Here, this Court concludes that according to the allegations of the Complaint, Plaintiff's 5-day confinement in disciplinary detention did not expose him to "atypical and significant hardship."  Accordingly, the Complaint fails to state a claim for deprivation of liberty without due process.

    2.   **Excessive Force Claims**

Plaintiff makes vague references to the use of excessive force during both the lock down in December ("the C.E.R.T. team of Somerset County Jail used extreme and unnecessary violence . .

. ."), and during a separate incident in February during an inmate fight ("once we [were] both restrained [] office [sic] punch[ed] me and [kicked] me in the head for no reason").

The test for whether a claim of excessive force is constitutionally actionable under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Giles v. Kearney, 571 F.3d 318, 326–27 (3d Cir. 2009) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotations omitted).  In conducting this inquiry, courts consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.  See id. (citing Whitley, 475 U.S. at 319).

In this case, Plaintiff has failed to name the officer personally involved in the alleged excessive force against him as a defendant.  Additionally, Plaintiff has not pled enough facts to satisfy Iqbal's plausibility argument.  He admits that he was in the midst of a fight with another inmate at the time of the alleged excessive force.  He does not state whether or not he

9

received injuries.  However, despite these shortcomings, this Court will dismiss his claims without prejudice to Plaintiff filing a motion to amend his complaint to name the proper defendants, and to assert a claim for excessive force that will survive sua sponte screening.

## CONCLUSION

Based on the foregoing, Plaintiff's due process claims will be dismissed, with prejudice.  Plaintiff's excessive force claims must be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: October 11, 2012